### IN THE DISTRICT COURT IN AND FOR LeFLORE COUNTY
### STATE OF OKLAHOMA

| | |
|---|---|
| **GILBERTO LUNA-DIAZ,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.: 6-20-cv-00196-RAW |
| | ) |
| **O.K. FOODS, INC.,** a foreign corporation registered to do business in Oklahoma, | ) |
| | ) |
| Defendant. | ) |

### AMENDED COMPLAINT

Comes now the Plaintiff, Gilberto Luna-Diaz, and he does hereby file this Amended Complaint bringing his claims of discrimination on the basis of age and disability against his former employer, O.K. Foods, Inc., a foreign corporation registered to do business in Oklahoma. In support of this Amended Complaint, Plaintiff would state the following:

### 1. Parties, Jurisdiction and Venue

1. The Plaintiff Gilberto Luna-Diaz at the time of the incidents occurring herein was a resident of LeFlore County, Oklahoma. At all relevant times, Plaintiff was an employee of O.K. Foods, Inc.

2. Defendant O.K. Foods, Inc. is a foreign corporation registered to do business in Oklahoma with a principal place of business in Heavener, LeFlore County, Oklahoma.

3. Plaintiff Gilberto Luna-Diaz received his Right to Sue Letter from the U.S. Equal Employment Opportunity Commission - Oklahoma City Area Office on or after February 16, 2020.

## 2. Background Allegations

4. Plaintiff began working for O.K. Foods, Inc. on or about June 27, 1994.

5. Since he began working for O.K. Foods, Inc. his weekly wages have only increased by $20 a week.

6. He was never disciplined while working for O.K. Foods, Inc.

7. He is over the age of forty (date of birth 1/24/1948), he is of Mexican descent and speaks only Spanish and he suffers from a disability (a hernia and back pain).

8. Plaintiff's hernia and back pain restrict his ability to bend and lift anything more than ten (10) pounds according to his physician's restrictions. Bending and lifting are major life activities according to the Americans with Disabilities Amendments Act of 2008 (the "ADAAA").

9. For several weeks leading up to February 25, 2019, after twenty-five (25) years of service, Plaintiff's supervisor, Mr. Gerby, forced Plaintiff into a job which did not meet his physical restrictions. Plaintiff resisted this job change as much as he could.

10. Plaintiff was able to perform his previous job duties.

11. On February 25, 2019, the O.K. Foods, Inc.'s nurse told him he had to go see his doctor and get him/her to complete a "Request for Additional Medical Information." The "Request for Additional Medical Information" stated: "EE states he is unable to bend d/t hernia. Please identify restrictions, if any. Please review job description. - See attached." The "Request for Additional Medical Information" also requested a doctor's note verifying employee can perform the essential functions of the job assigned, with or without a reasonable accommodation; and a doctor's note verifying employee was safe to return to work.

12. On February 28, 2019, Plaintiff went to see his doctor, Patricia Montiel. Because Plaintiff does not read or speak English, he did not know until he arrived at Dr. Montiel's office that the job description referenced in the "Request for Additional Medical Information" was not attached to that document.

13. Dr. Montiel reported back on the "Request for Additional Medical Information" that (a) Plaintiff could return to work on March 1, 2018, with a reasonable accommodation; and (b) he "can perform any job as long as he does not have to repeatedly have to lift greater than 10 lbs." Dr. Montiel also reported that his work restrictions were temporary until he had surgery to repair his hernia. Finally, she pointed out that no job description was attached to the documentation.

14. After returning to the Heavener office of O.K. Foods, Inc. with the completed "Request for Additional Medical Information," Plaintiff was apparently placed on FMLA leave.

15. Younger, non-disabled employees were not required to work in positions which they were physically unable to perform because of their age or disability.

16. O.K. Foods, Inc. stated in its Position Statement to the U.S. Equal Employment Opportunity Commission dated November 25, 2019, that it offered Plaintiff an alternative position to his regular job which required him to routinely pick up chickens from the factory floor as a reasonable accommodation to his ten (10) pound lifting restriction. Plaintiff adamantly denies this and demands strict proof of this.

17. At all times Plaintiff wanted to continue working. He did not want to take any leave or FMLA leave. He wanted to work.

18. Prior to efforts by O.K. Foods, Inc. to move Plaintiff into a position which did not meet his

restrictions, he worked in a position cleaning the work areas which did meet his restrictions.

19. On or about March 7, 2019, O.K. Foods, Inc. told Plaintiff he would have to go on FMLA leave and that he and his physician needed to complete the necessary FMLA certifications. He was given until March 22, 2019 to complete and return these forms.

20. On March 11, 2019, however, Plaintiff went to the Heavener facility and again told them he did not want to take FMLA leave; he wanted to work.

21. After two letters from O.K. Foods, Inc. informing Plaintiff he had to complete the FMLA paperwork, he went directly to the headquarters of O.K. Foods, Inc. in Fort Smith, Arkansas, and he spoke to the FMLA Coordinator. He again explained that he did not want to take FMLA leave; he wanted to work.

22. Plaintiff was terminated from employment on or about April 15, 2019.

23. At the time of his termination from employment he was seventy-one (71) years old.

### First Cause of Action - Age Discrimination

24. Plaintiff realleges and incorporates the allegations in paragraphs 1-25 above.

25. Plaintiff was a member of a protected class because of his age, over 40 (date of birth: January 24, 1948). In fact, his age was 71 years of age at the time of his termination of employment.

26. He was subjected to an adverse employment action, i.e., he was involuntarily terminated from his employment.

27. He was qualified to perform the job he performed prior to being assigned to a new job, with or without reasonable accommodation.

28. Upon information and belief, Plaintiff was replaced by a younger employee.

29. Plaintiff was terminated from his position with O.K. Foods, Inc. because of his age in

violation of the Age Discrimination in Employment Act.

30. As a result of O.K. Foods, Inc.'s discriminatory actions, Plaintiff is entitled to damages for lost pay and benefits, front pay and benefits, compensatory damages and attorneys fees and costs.

### Second Cause of Action - Disability Discrimination

31. Plaintiff realleges and incorporates the allegations in paragraphs 1-29 above.

32. Plaintiff suffered from a disability as defined by the ADAAA.

33. He was subjected to an adverse employment action, i.e., he was involuntarily terminated from his employment.

34. He was qualified to perform the job he performed prior being assigned to a new job, with or without reasonable accommodation.

35. Upon information and belief, Plaintiff was replaced by an employee with no disabilities.

36. Plaintiff was terminated from his position with O.K. Foods, Inc. because of his disability in violation of the Americans with Disabilities Act of 1974, as amended in 2008.

37. As a result of O.K. Foods, Inc.'s discriminatory actions, Plaintiff is entitled to damages for lost pay and benefits, front pay and benefits, compensatory damages and attorneys fees and costs.

Respectfully submitted,

*s/ Jean Walpole Coulter*
Jean Walpole Coulter, OBA #9324
Jean Walpole Coulter & Associates, Inc.
406 South Boulder Ave., Suite 712
Tulsa, OK 74103
(918) 583-6394

(918) 583-6398 FAX
jeancoult@aol.com

**Certificate of Service**

I, Jean Walpole Coulter, hereby certify that a true and correct copy of the above and foregoing document has been forwarded to the following counsel of record via the Court's ECF filing system on this 23rd day of July, 2020:

J.R. Carroll
234 E. Millsap Road, Suite 200
Fayetteville, Arkansas 72703
JR.Carroll@kutakrock.com

*s/ Jean Walpole Coulter*
Jean Walpole Coulter