### IN THE UNITED STATES DISTRICT COURT FOR THE
### EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GILBERTO LUNA-DIAZ, *Plaintiff*, v. O.K. FOODS, INC., *Defendant*, | Case No. CIV-20-196-RAW |

### ORDER

Plaintiff filed an Amended Complaint on July 23, 2020, alleging that after 25 years of employment with Defendant, when he was 71 years old and suffering from a hernia and back pain, Defendant changed his position from one he could physically perform (cleaning work areas) to one that he could not physically perform. Plaintiff resisted the change, but he was informed he would need to have his doctor complete a "Request for Additional Medical Information" form. The form directed the doctor to review an attached job description. Because Plaintiff does not read or speak English, he did not know that the job description referenced in the form was not attached thereto.

Plaintiff returned to work with the form completed by his doctor, stating that he could perform any job so long as he did not have to lift more than ten pounds. Plaintiff's doctor also included that the restriction was temporary until he had surgery to repair his hernia. Defendant's nurse pointed out that the job description was not attached to the form. Plaintiff was then placed on FMLA leave and told he would have to complete FMLA certifications by March 22, 2019.

Plaintiff informed Defendant that he did not want to take leave and that he wanted to work. Plaintiff was told he had no choice. Plaintiff repeatedly told Defendant that he did not

want to take FMLA leave, even visiting Defendant's headquarters and the FMLA Coordinator. On April 15, 2019, Plaintiff was terminated. Plaintiff alleges that Defendant's younger, able-bodied employees were not reassigned to jobs they could not physically perform. Plaintiff brings claims of age and disability discrimination.

Now before the court is Defendant's motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) [Docket Nos. 17 and 18]. For purposes of the motion to dismiss, the court accepts as true all well-pleaded facts in the Amended Complaint and construes those facts in the light most favorable to Plaintiff. *Western Watersheds Project v. Michael,* 869 F.3d 1189, 1193 (10th Cir. 2017). Of course, the court does not accept as true conclusory statements or legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

To survive the motion to dismiss, the Amended Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Plaintiff must nudge his "claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. The well-pleaded facts must "permit the court to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679.

The Tenth Circuit has held that the "*Twombly/Iqbal* standard is a middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action, which the Court stated will not do." *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (citing *Robbins v. Oklahoma*, 519 F.3d, 1242, 1247 (10th Cir. 2008). "In other words, *Rule 8(a)(2) still lives*." *Id*. (emphasis added). "Under Rule 8, *specific facts are not necessary*; the statement need only give the defendant fair notice of what the claim is and the grounds upon

which it rests." *Burnett v. Mortgage Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235-36 (10th Cir. 2013) (quoting *Khalik*, 671 F.3d at 1191) (emphasis added).

Defendant argues that Plaintiff failed to plead facts that if proved would establish that he: (1) is a member of a protected class, (2) suffered an adverse employment action, (3) was qualified for the position at issue, and (4) was treated less favorably than others not in the protected class. The court does not agree. Plaintiff has alleged that he long held a position he could physically perform. Then suddenly in 2019 without explanation, Defendant, aware of Plaintiff's age and physical restrictions, moved him to a position he could not physically perform.* When Plaintiff objected, Defendant required Plaintiff to have his doctor fill out a form. Plaintiff complied. Nevertheless, Defendant then forced Plaintiff to take FMLA leave, demanded further paperwork, and finally terminated him.

Plaintiff has plausibly pleaded his claims. The Amended Complaint gives Defendant fair notice of the claims and the grounds upon which those claims rest. Accordingly, Defendant's motion to dismiss [Docket Nos. 17 and 18] is hereby DENIED.

**IT IS SO ORDERED** this 18th day of September, 2020.

_____
**THE HONORABLE RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**
**EASTERN DISTRICT OF OKLAHOMA**

---

* Defendant argues that this case should be dismissed because Plaintiff failed to allege specifically that Defendant was aware of his age and physical limitations. If those specific allegations were necessary, of course, the court would allow Plaintiff to amend. They are not necessary. As a 25-year employee, Defendant's knowledge of at least Plaintiff's age and likely his physical limitations can be inferred from the Amended Complaint.